## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Haji Osman Salad *et al.*,

        Defendants.

Case No. 22-cr-226 (NEB/TNL)

**ORDER ON PRETRIAL
DISCLOSURE & PRESERVATION**

---

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

On September 13, 2022, a federal grand jury returned a series of six indictments charging more than 40 individuals related to the prosecution of an alleged massive fraudulent scheme to obtain and misappropriate more than $250 million in federal child nutrition program funds.  The Government has alleged that these individuals fraudulently obtained, misappropriated, and laundered millions of dollars in programs funds that were intended as reimbursements for the costs of serving meals to children.  The charges in these cases include, among other things, conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, money laundering, conspiracy commit federal programs bribery, and federal programs bribery.  This is one of those six cases.[1]

---

[1] *United States v. Abdiaziz Shafii Farah et al.*, No. 22-cr-124 (NEB/TNL) (8 defendants); *United States v. Liban*

On September 29, 2022, the Court designated this and the five other related matters as complex under 18 U.S.C. § 3161(h)(7)(B)(ii) of the Speedy Trial Act. *See generally* ECF No. 40. The Government reported that discovery in these matters

> is exceptionally voluminous and includes millions of pages of investigative materials. The grand jury issued more than 600 subpoenas, and the responses to these subpoenas include financial statements and other records for hundreds of bank accounts and credit card merchant accounts. The Government interviewed hundreds of witnesses and individuals involved in the fraud scheme, and will be producing hundreds of reports documenting those interviews. The Government obtained and executed physical search warrants for 32 businesses and residences, during which the Government seized approximately 380 electronic devices, including computers, laptops, and cell phones. The Government also obtained warrants to search more than 45 email accounts, through which the Government obtained more than 250,000 emails relevant to the investigation.

ECF No. 40 at 1-2 (quotations and citations omitted). The Court found that "[g]iven the large volume of discovery, the nature of the evidence collected, and the multiple issues involved in the discovery process, as well as the sheer number of defendants, this case and the related cases are so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy Trial Act." ECF No. 40 at 3-4. The Court further directed the parties to meet and confer and submit a proposed case management schedule for each of the respective cases for the completion of pretrial proceedings (to include disclosures by the Government, disclosures by Defendants; and the filing of pretrial motions, responses to

---

*Yasin Alishire et al.*, No. 22-cr-222 (NEB/TNL) (3 defendants); *United States v. Aimee Marie Bock et al.*, No. 22-cr-223 (NEB/TNL) (14 defendants); *United States v. Qamar Ahmed Hassan et al.*, No. 22-cr-224 (NEB/TNL) (8 defendants); *United States v. Sharmake Jama et al.*, No. 22-cr-225 (NEB/TNL) (6 defendants); and *United States v. Haji Osman Salad et al.*, No. 22-cr-226 (NEB/TNL) (5 defendants).

such motions, notices of intent to call witnesses, and responsive notices of intent to call witnesses) on or before November 4, 2022.[2]  The Court indicated that it will thereafter issue case management orders, setting forth, among other things, pretrial deadlines and motions hearing dates.

This Order proactively addresses certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities.  These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law.  To promote the efficient management of these related cases, the Court issues this Order to preemptively address such matters without the need for each defendant to file multiple motions on these subjects.  **Any defendant or the Government may seek modification of the requirements set forth herein by filing a motion to modify this Order by the forthcoming deadline for filing pretrial motions.**

### 1.  Due Process Protections Act, *Brady v. Maryland* & Related Authorities

Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to Defendants all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so

---

[2] Although the Court issued similar orders in these six related cases, this does not mean that these cases are formally consolidated.

promptly and on an ongoing basis.  Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

Moreover,"[t]he Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).  "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753.  "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."  *Sigillito*, 759 F.3d at 930 (quotation omitted).  The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement."  *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)).  "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing

*United States v. Bagley*, 473 U.S. 667, 683 (1985)).

The Government shall comply with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, *see infra* ¶ 4, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019).  If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

### 2.  Expert Witnesses

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Court adopts a schedule for the disclosure of any testimony a party intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  **No later than 45 days prior to any trial in this matter**, the parties shall make their principal expert disclosures, and, **no later than 30 days prior to any trial in this matter**, the parties shall make any rebuttal expert disclosures.

### 3.  Rule 404(b) Evidence

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The Government is required to "articulate in the notice the permitted purpose for which the

[Government] intends to offer the evidence and the reasoning that supports the purpose."
Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).  It does not apply to intrinsic evidence.  *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence.").  "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."  *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

**No later than 30 days prior to any trial in this matter**, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose."  Fed. R. Evid. 404(b)(3)(B).  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

### 4.  Jencks Act Materials

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to

6

the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996).  While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the Government to disclose such materials **no later than two weeks prior to any trial in this matter** given the scale of the allegations and the significant delay that could be caused in any trial if early disclosure is not made.

**5. Rough Notes**

To the extent it has not already done so, the Government shall direct all law enforcement agents, including any confidential reliable informants, to retain and preserve any and all rough notes made or taken during the course of this investigation, and to preserve any and all relevant evidence seized during the course of this investigation.

6.  All prior consistent orders remain in full force and effect.

[Continued on next page.]

7.  Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October___7___, 2022                     _____*s/ Tony N. Leung*_____
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota


                                               *United States v. Salad et al.*
                                               Case No. 22-cr-226 (NEB/TNL)

8